UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.: 3:00CR227(SRU) |
| | : | |
| FELIX DeJESUS, a.k.a. "Dino" | : | December 14, 2005 |

**GOVERNMENT'S POST-BOOKER MEMORANDUM**

On November 29, 2005, the Court of Appeals for the Second Circuit entered a decision and order affirming the conviction of defendant Felix DeJesus.  *United States v. Estrada*, --- F.3d ----, 2005 WL 3159741 (2d Cir. 2005).  The Court also granted a limited remand for resentencing in conformity with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).  *United States v. DeJesus*, 2005 WL 3263788 (2d Cir. 2005).

On December 6, 2005, this Court entered a scheduling order in response to the limited remand directing counsel to file, on or before January 6, 2006, "written submissions concerning whether [the court] should have imposed a non-trivially different sentence . . . ."  This memorandum is submitted in response to the Court's scheduling order.

The Court of Appeals found that,

> In light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005), we remand DeJesus and Rosario's cases to the district court for further proceedings in conformity with *Crosby*.  We address the sentencing issues raised by appellants because they may affect resentencing.  *See United States v. Garcia*, 413 F.3d 201, 220 (2d Cir.2005) (addressing defendants' sentencing argument in order to facilitate the district court's task on remand).

\* \* \*

The district court noted that, absent the sentencing enhancement pursuant to U.S.S.G. § 3B1.4 for using a minor to commit a crime, DeJesus's offense level was 43.  *Whether or not the district court applied the challenged enhancement, DeJesus faced*

> *lifetime imprisonment under the Guidelines, and his sentence of 360 months' incarceration constituted a departure from the applicable Guidelines range.* Because DeJesus has not shown that the district court imposed a sentence in violation of the law or by misapplying the Guidelines, we find no error.

2005 WL 3263788, at *4, emphasis added.

The district court afforded the defendant consideration at the time of sentencing and imposed a sentence which varied substantially from the Guidelines imprisonment range urged by the government and determined by the PSR. In the government's view, therefore, the district court has already imposed a sentence which, while imposed under the mandatory Guidelines regime, nevertheless reflected the concerns of the sentencing court that its sentence should be carefully tailored to the defendant's particular circumstances. Thus, the government is opposed to the court's proceeding with a *Crosby* resentencing, and respectfully urges the court to adhere to the sentence originally imposed.

The district court, however, is in the unique position to determine whether it would have imposed a different sentence if the Guidelines had been purely advisory. The undersigned are available at the convenience of the court for further argument on the defendant's motion. If the district court wishes to proceed with the presence of the defendant, the undersigned require notice of approximately 2 to 3 weeks to secure the defendant's appearance as required.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


ALEX HERNANDEZ
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT08345

915 LAFAYETTE BLVD. ROOM 309
BRIDGEPORT, CT 06604
(203) 696-3000
Fed. Bar Number: CT08345


ALINA P. REYNOLDS
ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF SERVICE

_____ This is to certify that on December 12, 2005, a copy of the foregoing was mailed, postage prepaid, to the following:

Robert Golger, Esq.
Quatrella & Rizio
One Post Road
P.O. Box 320019
Fairfield, CT 06432


Alex Hernandez