UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:00cr227SRU) |
| V. | : | |
| FELIX DEJESUS | : | JANUARY 20, 2006 |

**DEFENDANT'S SENTENCING MEMORANDUM ON REMAND**

Defendant Felix DeJesus was found guilty after trial in 2002 and sentenced on September 2, 2002 to a term of imprisonment of thirty years. The defendant was convicted of Conspiracy to Possess with Intent to Distribute One Kilograms or More of Heroin and Conspiracy to Possess with Intent to Distribute Fifty Grams or More of Crack Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b) (1)(A)(i). The defendant appealed his conviction and the sentence to the Second Circuit Court of Appeals. On November 29, 2005, the Second Circuit affirmed the conviction but remanded the case to the District Court for further proceedings in accordance with *United States v. Crosby*, 397 F.3d 103, 113 (2nd Cir. 2005). This Memorandum is submitted to assist the Court in the determination pursuant to *Crosby* whether the original sentence would have been nontrivially different under the post-*Booker/Fanfan* regime. 397 F.3d. at 118-119.

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## The Guidelines Analysis As Determined By The Court
## At The Original Sentencing Proceeding

The evidence at trial indicated that the defendant was an active member of the Estrada drug organization during 1997, 1998 and 1999. The scale of the Estrada operation and Mr. DeJesus' role in that operation resulted in an offense level computation of 43 which exposed the defendant to a sentence of life imprisonment.

At the original sentencing hearing, the defendant presented evidence that he had reached a crossroads in his life and that, prior to his arrest, he had begun the process of self rehabilitation. The defendant served a short prison sentence in early 2000 and there is no reliable evidence that the defendant returned to the drug business after that time. The defendant was placed on state court probation in 2000 following his release from prison and he was compliant with the terms of his probation. Pretrial Service Memorandum dated June 11, 2001 (Exhibit A). This is in contrast to the defendant's earlier probation sentence in 1997 which was revoked.

While on probation in 2000, the defendant successfully completed a family services program and anger management classes. Exhibit A. Beginning in August 2000, the defendant obtained full time employment with Minor Home Repair of Stratford. The defendant's employer, Kenneth McCoy, described the defendant as an "exemplary employee." Exhibit A. Shortly before his arrest, the defendant also began working part time at Dunkin Donuts. Presentence Report, ¶ 83. For the year 2000, the defendant filed a tax return for the first time in his life. Presentence Report, ¶ 86. Prior to his

315 Post Road West
Westport, CT 06880

2

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

arrest, the defendant had also entered into a stable relationship with Angelique Hernandez, with whom he had a child. Ms. Hernandez was (and remains) employed full time with a liquor distributor in Stratford and she testified at the defendant's sentencing hearing.

Based upon the evidence adduced at the sentencing hearing, the Court made a finding that the defendant's pre-arrest rehabilitation warranted a one level downward departure to level 42 under the Sentencing Guidelines. The one level departure resulted in a sentence of thirty years.

### Federal Sentencing Law After Booker/Fanfan

On January 12, 2005, the Supreme Court handed down its decision in the consolidated cases of *United States v. Booker* and *United States v. Fanfan*, 743 U.S. 220, 125 S. Ct. 738 (2005). The Court's decision consisted of two separate majority opinions. In the first opinion, the Court ruled that sentencing procedures under the U.S. Sentencing Guidelines violate the Sixth Amendment right to a jury trial because those procedures relied upon sentencing enhancements based on judge-found facts. In the second opinion, the Court held that the proper remedy, in light of the Court's Sixth Amendment holding, is for the Court to judicially excise the language from the Sentencing Reform Act of 1984 (SRA) that makes the Sentencing Guidelines

315 Post Road West
Westport, CT 06880

3
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

mandatory. The Guidelines have thus become "effectively advisory" in all cases, including those in which there are no Sixth Amendment offending enhancements.

Since the *Booker/Fanfan* decision, the sentencing mandate found in 18 U.S.C. § 3553 has taken on new meaning. Although the sentencing Court is still required to "consider" the Guidelines, the Guidelines are no longer mandatory. The sentencing range computed under the Guidelines is now merely one factor among several Section 3553 factors that the Court must consider in determining the appropriate sentence in a particular case. The basic mandate of Section 3553(a) and the starting point of any sentencing analysis is the requirement that the district courts impose a sentence "sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in Section 3553(a)(2): retribution, deterrence, incapacitation and rehabilitation. The "sufficient, but not greater than necessary" language found in the introduction to Section 3553 establishes a conceptual limit within which the subsequently enumerated sentencing factors should be considered.

The Court, in determining the particular sentence to be imposed, shall consider –

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"
(2) "the need for the sentence imposed" (retribution, deterrence, incapacitation and rehabilitation);
(3) "the kinds of sentences available;"
(4) the sentencing range computed under the Guidelines;
(5) any pertinent policy statements contained in the Guidelines;
(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

4

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. §3553(a).

In the wake of *Booker/Fanfan*, the Second Circuit Court of Appeals has declined to specify what degree of consideration the District Courts must give to the Sentencing Guidelines.

> We need not on this appeal endeavor to determine what degree of consideration is required, or, to put it another way, what weight the sentencing judge should normally give to the applicable Guidelines range. We think it more consonant with the day-to-day role of district judges in imposing sentences and the episodic role of appellate judges in reviewing sentences, especially under the now applicable standard of "reasonableness," to permit the concept of "consideration" in the context of the applicable Guidelines range to evolve as district judges faithfully perform their statutory duties. Therefore, we will not prescribe any formulation a sentencing judge will be obliged to follow in order to demonstrate discharge of the duty to "consider" the Guideline. In other words, we will no more require "robotic incantations" by district judges than we did when the Guidelines were mandatory.

*United States v. Crosby*, 397 F.3d 103, 113 (2nd Cir. 2005). The Second Circuit has indicated, however, that in most instances the sentencing judge should still determine the applicable Guidelines range and perform the customary Guidelines analysis, including the analysis of any "departure" issues arising under the Guidelines. Beyond that, however, the Second Circuit has also recognized that there will now be instances in which a district judge, after considering all of the Section 3553 factors, will decide to impose a sentence which is neither within the Guidelines range nor imposed pursuant to traditional Guidelines departure rules. The Second Circuit has labeled this type of

5

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

sentence, which was not recognized before *Booker/Fanfan*, a "non-Guidelines sentence." 397 F.3d at 111-112. Although the Sentencing Guidelines may not now be overlooked at the whim of a sentencing judge, the new scheme brought about by *Booker/Fanfan* certainly does allow for "somewhat more individualized justice." 397 F.3d at 113-114

### The Court Should Impose A Non-Guidelines Sentence Which Is Materially Less Than The Original Thirty Year Term Of Imprisonment

The defendant's sentence computed under the Guidelines, including a traditional Guideline departure for self-rehabilitation, was thirty years. Under the more flexible *Booker/Fanfan* scheme, which allows for "somewhat more individualized justice," the Court should impose a sentence materially less than thirty years. Although a lengthy term of imprisonment is still indicated for Mr. DeJesus, the sentencing factors under 18 U.S.C. 3553 can be satisfied for this particular individual by the imposition of a prison term which is less than the thirty year term which resulted from a Guidelines analysis.

### The Nature and Circumstances of the Offense

The evidence at trial indicated that Mr. DeJesus was a lieutenant in the Estrada drug organization. Concededly, the scale of the Estrada operation and Mr. DeJesus' role in that operation indicate that a substantial sentence of imprisonment is warranted.

6

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

### The History and Characteristics of the Defendant

Mr. DeJesus was thirty at the time of his sentencing. While he is ultimately responsible for his own station in life, it is not difficult to understand how he came to be where he is today. The defendant grew up in PT Barnum Housing Complex without much guidance from his parents. His father left the family when Mr. DeJesus was very young and his mother, who had a drug problem, did not take care of the children much. Probation Report, ¶ 24 and ¶¶ 50-60.

Mr. DeJesus does have some misdemeanor convictions involving angry outbursts, but it does not appear that he caused anyone any serious harm as a result of these incidents. The defendant has no prior convictions relating to narcotics trafficking and it should also be noted that the longest period of jail time previously served by the defendant has only been approximately one year. Probation Report, ¶¶ 42-47.

### The Need for the Sentence Imposed

As noted above, the defendant's conduct warrants a substantial jail sentence. The purposes of sentencing (retribution, deterrence, incapacitation and rehabilitation) can be satisfied, however, by imposition of a sentence materially less than thirty years. It should also be noted, that the Court departed upward with respect to the period of supervised release and imposed a supervision period of ten years. The defendant does

7

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

not seek resentencing with respect to that aspect of the sentence. A substantial jail sentence, but one which is materially less than thirty years, coupled with an extended period of supervised release, will still be ample to satisfy the punitive purposes of sentencing.

The imposed sentence of thirty years is far in excess of any sentence Mr. DeJesus has served previously. A substantial prison sentence of a length less than the thirty years would still provide a general deterrent effect and would definitely provide a specific deterrent effect on this defendant because it would still be substantially more severe than any sentence the defendant previously received.

> Obviously, a major reason for imposing an especially long sentence upon those who have committed prior offenses is to achieve a deterrent effect that the prior sentences failed to achieve. That reason requires an appropriate relationship between the sentence for the current offense and the sentences, particularly the times served, for the prior offenses. If, for example, a defendant twice served five or six years and thereafter committed another serious offense, a current sentence might not have an adequate deterrent effect unless it was substantial, perhaps fifteen or twenty years. Conversely, if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offense might be expected to have the requisite deterrent effect.

*United States v. Mishoe*, 241 F.3d 214, 220 (2nd Cir. 2001).

In *Mishoe*, the Court was considering the appropriateness of a departure from the severe sentence which would otherwise be required by application of the career offender guideline. As a statement of sentencing theory, however, the *Mishoe* analysis

315 Post Road West
Westport, CT 06880

8
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

is equally applicable when a sentencing court is considering the appropriateness of a non-Guideline sentence. In the instant case, there is a huge disparity in the relationship between the sentence required under a Guidelines analysis (thirty years) and the degree of punishment imposed for prior offenses committed by this defendant. The large disparity in that relationship indicates that the thirty year sentence determined under the Guidelines "provides a deterrent effect so in excess of what is required in light of the prior sentences and especially the time served on those sentences as to constitute a mitigating circumstance." 241 F.3d at 220.

### The Sentencing Range Computed Under the Guidelines

As noted above, the Court determined the defendant's offense level to be 43, granted a one level departure based upon the defendant's self-rehabilitation and sentenced the defendant to 360 months imprisonment as called for under the Guidelines for offense level 42. The one level departure was consistent with the one level departure approved by the Second Circuit in a similar case. *United States v. Workman*, 80 F.3d 688, 701-702 (2nd Cir. 1996). Although the Court has already exercised some discretion by granting the one level departure, the Court was still constrained at the time of sentencing by the Guidelines regime and was constrained only to grant a departure which was authorized under the Guidelines as interpreted by judicial precedent in this Circuit. The Court was also legally required to impose a

315 Post Road West
Westport, CT 06880

9
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

sentence of at least 360 months even after exercising its discretion with respect to the one level departure. The new sentencing scheme brought about by *Booker/Fanfan* allows for "somewhat more individualized justice" and it is therefore appropriate for the Court to revisit the subject of sentencing for this particular individual.

The defendant's offense level calculation under the Guidelines was also driven by "substantially overlapping enhancements." *United States v. Laurensen*, 362 F.3d 160 (2nd Cir. 2004). Because of the defendant's managerial role in the offense, substantially all of the drug quantity distributed by the Estrada organization was attributed to him and, at the same time, he was given a three level upward adjustment for his role in the offense. Probation Report, ¶¶ 32-36. The defendant was also in the situation, at the higher end of the Sentencing Table, where each level of enhancement results in a significant increase in the sentencing range minimum. 362 U.S. at 164. Under the current sentencing regime, the Court now has greater discretion to consider the impact of Guidelines skewing effects in determining an appropriate sentence for a particular individual. While still imposing a substantial term of imprisonment, the Court should impose a sentence which is materially less than thirty years.

### The Need to Avoid Unwarranted Sentencing Disparities

One of the goals of sentencing is to avoid unwarranted sentence disparities among defendants who have engaged in substantially similar conduct. 18 U.S.C.

10

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

3553(a)(7). "A district court may consider co-defendant's sentences when considering the extent of a downward departure." *United States v. Bonner*, 313 F.3d 110, 111 (2nd Cir. 2002). Similarly, the Court should consider co-defendant's sentences when considering whether to impose a non-guidelines sentence.

The defendant's culpability in the instant offense is roughly equivalent to that of his brother, Charles DeJesus. The Court initially sentenced Charles DeJesus to life in prison, but subsequently imposed a non-guidelines sentence of 340 months. In order to avoid sentencing disparity and to maintain consistency, the Court should similarly sentence Felix DeJesus to a non-guidelines sentence of materially less than thirty years.

315 Post Road West
Westport, CT 06880

11
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

## Conclusion

The defendant understands that, because of his offense conduct and his prior criminal history, a substantial jail sentence is still indicated in this case. In light of the individual characteristics of this particular defendant and the circumstances of this case, however, the purposes of sentencing set forth in 18 U.S.C. 3553 could be satisfied though the imposition of a non-Guidelines sentence which is materially shorter than thirty years.

THE DEFENDANT
FELIX DEJESUS

By_____
Dan E. LaBelle of
HALLORAN & SAGE LLP
Fed. Bar #ct 1984
315 Post Road West
Westport, CT 06880
(203) 227-2855
labelle@halloran-sage.com

12

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

### Certification of Service

This is to certify that on this 20th day of January, 2006, a copy of the foregoing Memorandum was delivered by hand to the following counsel of record:

Alex Hernandez, Esq.
Alina Reynolds, Esq.
Assistant United States Attorneys
915 Lafayette Boulevard
Bridgeport, Connecticut

_____
Dan E. LaBelle

781177_1 DOC

315 Post Road West
Westport, CT 06880

13
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195