UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:00cr227 (SRU) |
| FELIX DeJESUS, a.k.a. "Dino" | |

**RULING AND ORDER REGARDING *CROSBY* REMAND**

Felix DeJesus was found guilty by jury verdict of charges of conspiring to possess with intent to distribute 1,000 grams or more of heroin and of conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On September 4, 2002, I sentenced DeJesus principally to 360 months' imprisonment. The term of imprisonment reflected a downward departure from the Sentencing Guideline range of life imprisonment. DeJesus appealed. On November 29, 2005, the United States Court of Appeals for the Second Circuit affirmed the conviction and remanded the case for proceedings consistent with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). *United States v. DeJesus*, 2005 WL 3263788 (2d Cir. 2005).

Following remand, I reviewed the parties' briefing, the Presentence Report, and the transcript of the sentencing hearing on September 4, 2002. Based upon that review, I have decided that I would not have sentenced DeJesus to a non-trivially different sentence had the Sentencing Guidelines been advisory at the time of his initial sentencing.

My decision is based upon two principal facts. First, at the initial sentencing, I was able to depart from the Sentencing Guidelines incarceration range. This meant that the mandatory nature of the Sentencing Guidelines did not prevent me from imposing the sentence of incarceration that I believed was appropriate, taking into account all of the information I had

available to me about DeJesus. Second, having decided to depart, I weighed the factors set forth in 18 U.S.C. § 3553(a) when deciding upon the sentence imposed. The facts I relied upon at the initial sentencing remain pertinent under an advisory Sentencing Guidelines scheme: a long record of prior convictions, a history of violence, a supervisory role in "one of the worst drug conspiracies" Bridgeport has ever seen, the need for punishment commensurate with the seriousness of the crime, and the impact of the crime on the community. At the same time, I was able to consider mitigating factors that formed the basis for the downward departure. These are the same facts that would have led me to impose a sentence not trivially different than 360 months' imprisonment had I been able to sentence DeJesus under an advisory Sentencing Guideline scheme in September 2002.

      Accordingly, I decline to resentence DeJesus.

      Entered at Bridgeport, Connecticut, this 11th day of July 2006.

      /s/ Stefan R. Underhill
      Stefan R. Underhill
      United States District Judge