UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:00cr227SRU) |
| V. | : | |
| FELIX DEJESUS | : | APRIL 26, 2007 |

### DEFENDANT FELIX DEJESUS' MOTION TO CORRECT CLERICAL ERROR

Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the defendant Felix DeJesus respectfully requests this Court to vacate its Ruling and Order Regarding *Crosby* Remand, dated and apparently docketed on July 11, 2006, and to reenter that same Ruling with notice being given to the defendant's counsel in accordance with the provisions of Rule 49(c) of the Federal Rules of Criminal Procedure. In support of this motion, the defendant states the following:

1. On July 11, 2006, the Court issued its Ruling and Order Regarding *Crosby* Remand.

2. Defense Counsel did not receive notice of the Court's decision until April 20, 2007. The circumstances of my receipt of the late notice are as follows:

   a. On November 29, 2005, the United States Court of Appeals for the Second Circuit affirmed the defendant's conviction and remanded the case for proceedings consistent with *United States v. Crosby*, 397 F3rd 103 (Second Circuit 2005).

   b. The parties briefed the *Crosby* remand issue in January of 2006

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

and the Court took the matter under advisement.

  c. On April 20, 2007, having not received notice of any decision, defense counsel determined to write a letter to Judge Underhill informing him that the *Crosby* remand decision was still pending. On that day, in order to refresh counsel's recollection regarding the dates when briefs were submitted, counsel checked the Court Docket on Pacer and learned for the first time that the Court had issued a decision on July 11, 2006.

  d. On April 20, 2007, the undersigned counsel inquired with the Court Clerk's Office in Bridgeport in an effort to determine whether some notice was sent which counsel had missed. In a telephone conversation with the Clerk's Office, defense counsel was informed that notice of the Court's decision was sent electronically to several attorneys but <u>not</u> to the undersigned counsel. Nor did it appear from the Clerk's records that notice was sent to the undersigned counsel by any other means.

  3. On April 23, 2007, a copy of the Ruling and Order Regarding *Crosby* Remand was sent to the defendant via federal express and regular mail. Defense counsel will confer with Mr. DeJesus concerning the pursuit of any appellate remedy, if any is available.

  4. Pursuant to Rule 4(b)(l)(A)(i) of the Federal Rules of Appellate Procedure, a notice of appeal had to have been filed within 10 days after the entry of the Court's order. Under Rule 4(b)(4), the time for filing the notice of appeal could have been

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

extended by this Court for 30 days "[u]pon a finding of excusable neglect or good cause[.]" Neither a timely appeal nor a timely motion to extend the time for filing a notice of appeal were filed because neither counsel nor the defendant received actual notice of the Court's ruling until last week.

5. Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Under Rule 49(c) of the Federal Rules of Criminal Procedure, "[w]hen the court issues an order on any post-arraignment motion, the clerk must provide notice in a manner provided for in a civil action." This rule further states: "Except as Federal Rule of Appellate Procedure 4(b) provides otherwise, the clerk's failure to give notice does not affect the time to appeal, or relived-or authorize the court to relieve--a party's failure to appeal within the allowed time." Thus, unless the Court can and does grant the relief requested, the defendant will not be able to appeal from a ruling of which he and counsel were unaware, and the defendant would need to seek relief pursuant to a writ of habeas corpus premised upon the ineffectiveness of counsel in not checking the docket in this matter precisely within 10 days of July 11, 2006 in order to apprise himself of the fact that the Court had ruled.

6. In <u>Lohman v. United States</u>, 237 F. 2d 645 (6th Cir. 1956), the court of appeals reversed a district court order denying the relief the defendant seeks here, and

3

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

it explained: "If the appellant did not have actual notice of the entry of the order and relied upon notice by the clerk the order…should be vacated and reentered with notice of its entry being given in accordance with the provisions of Rule 49(c), Rules of Criminal Procedure."  This decision pre-dates the amendment to Rule 49(c) in 1966 to add the proviso that unless authorized by Federal Rule of Appellate Procedure 4(b) "the clerk's failure to give notice does not affect the time to appeal, or relieve – or authorize the court to relieve – a party's failure to appeal within the allowed time."  The amendment should not be read, however, to preclude the Court from granting the relief of vacating a decision filed without proper notice to counsel and reentry of that order with such notice.

7.   The requested relief was granted by the District Court in a virtually identical situation in the case of *USA v. Martin Torres*, 3:99cr00085 (EBB).  A copy of the Court's order in *Torres* is attached as Exhibit A.

8.   In order to effectuate the defendant's right to appeal if he chooses to pursue an appeal, the Court should grant the requested relief and correct the record by vacating and re-docketing the entry of the Ruling and Order Regarding *Crosby* Remand.  An affidavit of counsel is submitted in support of this motion as Exhibit B.

WHEREFORE, defendant Felix DeJesus moves this Court to order that its Ruling and Order Regarding *Crosby* Remand be vacated and re-entered with notice

4

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

HALLORAN
& SAGE LLP

of its entry being given to defense counsel in accordance with the provisions of Rule 49(c).

          THE DEFENDANT
          FELIX DEJESUS


      By /s/_____
          Dan E. LaBelle of
          HALLORAN & SAGE LLP
          Fed. Bar #ct 1984
          315 Post Road West
          Westport, CT 06880
          (203) 227-2855
          labelle@halloran-sage.com

315 Post Road West
Westport, CT 06880

HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

HALLORAN
& SAGE LLP

### Certificate of Service

I hereby certify that on April 26, 2007, a copy of the foregoing Motion to Correct Clerical Error with attached exhibits was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Dan E. LaBelle
Halloran & Sage, LLP
315 Post Road West,
Westport, CT 06518
Phone: (203) 227-2855
Fax: (203) 227-6992
E-mail: labelle@halloran-sage.com
[Fed. Bar #ct01984]

982347

315 Post Road West
Westport, CT 06880

6
HALLORAN
& SAGE LLP

Phone (203) 227-2855
Fax (203) 227-6992
Juris No 412195

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA  :

        v.  : NO. 3:99CR00085(EBB)

MARTIN TORRES  :

### RULING ON DEFENDANT TORRES' MOTION TO CORRECT CLERICAL ERROR

It appearing that notice of this court's Ruling on Post-Crosby remand, dated and docketed on August 24, 2006, was never forwarded to defendant's counsel, the clerk is directed to vacate the ruling and reenter the same with notice to defendant's counsel in accordance with F.R.Cr.P. 49(c).

Defendant's motion [Doc. No. 1494] is granted.

SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this ___ day of November, 2006.

# EXHIBIT B

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:00cr227 (SRU) |
| V. | | |
| FELIX DeJESUS, a.k.a. "Dino" | : | APRIL 26, 2007 |

## AFFIDAVIT

| | |
|---|---|
| STATE OF CONNECTICUT ) | |
| ) | ss. Westport |
| COUNTY OF FAIRFIELD ) | |

**DAN E. LABELLE**, being duly sworn and upon personal knowledge, deposes and states as follows:

1.  I am the attorney for the defendant, Felix DeJesus in connection with this matter.

2.  On July 11, 2006, the Court issued its Ruling and Order Regarding *Crosby* Remand, a copy of which is annexed to this affidavit as Exhibit A.

3.  I did not receive notice of the Court's decision until April 20, 2007. The circumstances of my receipt of the late notice are as follows:

    a.  On November 29, 2005, the United States Court of Appeals for the Second Circuit affirmed the defendant's conviction and remanded the case for proceedings consistent with *United States v. Crosby*, 397 F3rd 103 (Second Circuit 2005).

   b. The parties briefed the *Crosby* remand issue in January of 2006 and the Court took the matter under advisement.

   c. On April 20, 2007, having not received notice of any decision, I determined to write a letter to Judge Underhill informing him that the *Crosby* remand decision was still pending. On that day, in order to refresh my recollection regarding the dates when briefs were submitted, I checked the Court Docket on Pacer and learned for the first time that the Court had issued a decision on July 11, 2006.

   d. On April 20, 2007, I inquired with the Court Clerk's Office in Bridgeport in an effort to determine whether some notice was sent which I had missed. In a telephone conversation with the Clerk's Office, I was informed that notice of the Court's decision was sent electronically to several attorneys, but my name was not on the list of attorneys to whom electronic notice was sent. Nor did it appear from the Clerk's records that notice was sent to me by any other means.

   4. Also on April 23, 2007, I immediately sent a copy of the Ruling and Order Regarding *Crosby* Remand to my client via federal express and regular mail. I am awaiting a reply from him regarding his instructions concerning the pursuit of any appellate remedy, if any is available.

5. This affidavit is submitted in support of defendant's Motion to Correct Clerical Error and for the foregoing reasons I request that the Court grant the relief requested in the motion.

_____
Dan E. LaBelle

Subscribed and Sworn to before
me this 26th day of April, 2007.

_____
Commissioner of Superior Court
Thomas E. Brennan

982324